IN THE ____ CIRCUIT COURT OF SAINT FRANCIS COUNTY, ARKANSAS

CIVIL DIVISION

| | |
|---|---|
| THEODORE KNIGHT, | Plaintiff |
| KELLI KNIGHT, | Plaintiff |

V.          Cause No. 62CV-15-61-3

| | |
|---|---|
| PAVEL KRUTS, | Defendant |
| FEDOR TAGINTSEU, | Defendant |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Theodore Knight and Kelli Knight, hereinafter called Plaintiffs, complaining of the various acts listed below and involving PAVEL KRUTS and FEDOR TAGINTSEU, hereinafter called Defendants, and for cause of action would show, state, and allege unto the Court the following:

Plaintiffs respectfully file this Original Petition complaining of the above-referenced Defendants and seek recovery to the full extent applicable for Negligence and all other applicable laws.

### I. PARTIES AND SERVICE

1.    Plaintiffs, Theodore Knight and Kelli Knight, are individuals whose reside at 16675 Goss Lane, Terrell, Texas 75160 and may be contacted through their Counsel of Record at 3102 Maple Avenue, Suite 400, Dallas, Texas, 75201.

FILED

MAR 1 7 2015

TIME:
BETTE S. GREEN, CLERK
ST FRANCIS COUNTY

EXHIBIT
"A"

2.    Defendant PAVEL KRUTS, an Individual, is a resident of the State of California.  Said Defendant may be served with process at his place of abode at the following address:  2328 Dorothy June Way, Sacramento, California, 95838.    Service of said Defendant as described above can be effected by certified mail, return receipt requested.

3.    Defendant FEDOR TAGINTSEU, an Individual, is a resident of the State of California.  Said Defendant may be served with process at his place of abode at the following address: 5201 Vine Circle, Rocklin, California, 95765.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

4. Both Defendants will be referred to as "Defendants."

## II. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the subject matter under ARK. ANN. CODE § 16-13-201 (a).

6. This court has jurisdiction over Defendants because said Defendants committed said tort in Arkansas sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Venue in Saint Francis County is proper in this cause under ARK. CODE ANN. § 16-60-112(a) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Saint Francis County.

## III. FACTS

8. Plaintiffs bring this personal injury action to recover damages arising from injuries sustained in a vehicular accident in Saint Francis County.

9. This accident was caused by the negligence of PAVEL KRUTS, acting in the course and scope of his employment and/or agency for FEDOR TAGINTSEU.

10. On March 21, 2013, Plaintiff Theodore Knight was travelling westbound on Interstate 40 in Saint Francis County.

11. As the Plaintiff operated his tractor trailer on the interstate, Defendant Kruts operated a tractor trailer ahead of Theodore Knight; also travelling westbound.

12. Defendant Tagintseu is the owner of the vehicle operated by Defendant Kruts. Defendant Kruts was within the scope and course of his employment and/or agency for Defendant Tagintseu when the accident occurred.

13. Defendant Kruts was apparently having mechanical problems with his tractor trailer whereby he had reduced acceleration which prevented him from driving above 25-30 miles per hour.

14. The speed limit on I-40 on the date of the accident was 65 miles per hour.

15. Plaintiff attempted to change lanes and enter Defendants lane.

16. When Plaintiff, driving the posted speed limit, entered the Defendant's lane he rear ended the Defendant because Defendant was driving at a very slow speed.

17. Defendant Kruts was found by Arkansas State police to be the sole cause of the accident (driving too slow and impeding traffic).

18. Plaintiff could not take evasive action.

19. Defendant Kruts was aware that his vehicle had mechanical problems but continued to drive on the interstate in an unsafe manner.

20. Defendant Kruts failed to operate his tractor trailer in a safe manner(without caution or regard for other drivers), and as a result, Plaintiff suffered injury.

21. Plaintiff was injured and incurred reasonable and necessary medical expenses.

### IV. CAUSES OF ACTION

COUNT ONE: NEGLIGENCE AGAINST DEFENDANT Kruts

22. Plaintiff incorporates by reference all the preceding paragraphs as if fully set forth herein.

23. Defendant Kruts owed Plaintiff the duty to exercise reasonable ordinary care under the circumstances, Defendant Kruts knew or should have known of the dangers created by his actions and failed to exercise ordinary care to protect Plaintiff from harm. Defendant Kruts' failure to use ordinary care proximately caused the Plaintiff's damages.

24. On the occasion in question, Defendant Kruts owned, occupied, operated, and/or controlled his vehicle in a negligent manner and violated the duty owed to Plaintiff to exercise ordinary care in at least the following ways:

a. failing to use ordinary care while operating his motor vehicle;

b. operating his motor vehicle at a rate of speed which was significantly slower than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    c.    continuing to operate his tractor trailer even though he was aware that the tractor trailer was incapable of travelling the posted speed limit,

    d.    in failing to keep a proper lookout; and

    e.    in engaging in reckless driving.

25. Any other acts of negligence or fault to be shown at time of trial.

COUNT TWO: PRINCIPAL-AGENT LIABILITY — RESPONDEAT SUPERIOR

26. Plaintiff incorporates by reference all the preceding paragraphs as if fully set forth herein.

27. Plaintiff was injured as the result of the accident. Defendant Kruts was an employee of Defendant Tagintseu, and the accident happened while Defendant Kruts was acting within the scope of employment because his driving of the tractor trailer was:

    a.    Within the employee's general authority;

    b.    In furtherance of the defendant's Tagintseu's business; and

    c.    For the accomplishment of the object for which the employee was hired.

28. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the injuries of the Plaintiffs.

29. On the occasion in question, Defendant Kruts failed to use ordinary care and was negligent in each of the alleged respects, among others, and each of which acts or omissions was a proximate cause of the collision in question and the injuries and damages sustained by Plaintiffs, to wit:

Defendant Kruts' conduct was gross negligence under the existing circumstances for which he is liable to Plaintiff for punitive damages.

Count Three: Loss of Consortium – Plaintiff Kelli Knight

30. Defendant Tagintseu and Defendant Kruts are liable to Plaintiff and for all damages sustained by Kelli Knight for loss of consortium as a result of injuries sustained by her husband, as well as all other damages allowed under Arkansas law, under the doctrine of Respondeat Superior and for its own negligent acts and omissions, and each of which acts or omissions was a proximate cause of the collision in question and the injuries and damages sustained by said Plaintiffs.

31. The conduct of Defendant Tagintseu constitutes gross negligence under the existing circumstances for which it is liable to Plaintiff for punitive damages, and Defendant Tagintseu is also liable to Plaintiff for punitive damages for the gross negligence of Defendant Kruts under Arkansas law.

### V. PROXIMATE CAUSE

32. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

### VI. DAMAGES FOR PLAINTIFF, THEODORE KNIGHT

33. As a direct and proximate result of the occurrence made the

basis of this lawsuit, Plaintiff, Theodore Knight was caused to suffer several injuries.

34.  As a result of Defendant's negligent acts, Plaintiff suffered needlessly with anxiety, pain, and illness resulting in damages more fully set forth below, Plaintiff incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **THEODORE KNIGHT** for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Mental anguish in the past;

H. Mental anguish in the future;

I. Physical impairment in the past;

K. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations,

L. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations,

M. Surgical scarring;

N. Disfigurement in the past; and

O. Disfigurement in the future.

### VII. DAMAGES FOR PLAINTIFF, THEODORE KNIGHT

35.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Kelli Knight was caused to suffer several injuries.

36.  As a result of Defendant's negligent acts, Plaintiff suffered needlessly with anxiety resulting in damages more fully set forth below, Plaintiff incurred the following damages:

A. Loss of earnings in the past;

B. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations,

### VIII. PUNITIVE DAMAGES

37. Plaintiff also brings this suit to recover punitive and exemplary damages as a result of the gross negligence of Defendants in an amount determined by the jury to be fair and reasonable under the existing circumstances.

### IX. JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### X. PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs

against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity and for such other and further relief to which the Court deems necessary, just and proper.

Respectfully submitted,
The Kelley Law Firm

By: _____

Kevin L. Kelley
Kelley@Kelleyfirm.com
Texas Bar No. 24038993
2614 Main Street
Dallas, TX 75226
972.850.0500 office
972.850.0400 Fax

Smith Law Firm

By: _____

Joe Smith
joe@slinjury.com
Texas Bar No. 24041942
3102 Maple Ave., Suite 400
Dallas, Texas  75201
Tel. (214)943.0100
Fax. (888)317.8235

The Hayward Firm

By: _____

Lori J. Hayward
Texas Bar No.: 24040578
3102 Maple Ave. Ste. 400
Dallas, TX 75201
Tel: (972) 793-3656
Fax: (469) 718-0444
lhayward@thehaywardfirm.com

Attorneys for Plaintiffs
Theodore Knight and Kelli Knight