# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

THEODORE KNIGHT AND
KELLI KNIGHT                                                                              PLAINTIFFS

v.                                          NO. 2:15-cv-00063 JM

PAVEL KRUTS AND
TRANSPORTING CARS CHAMPION, INC.                                  DEFENDANTS

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Come defendants, Pavel Kruts and Transporting Cars Champion, Inc., and for their motion to enforce settlement agreement, state:

1. The parties reached a settlement agreement in this case on June 16, 2016, at a settlement conference presided over by the Honorable Jerry W. Cavaneau, United States Magistrate Judge. The terms of the settlement were recorded by court reporter at the conclusion of that settlement conference. *See* Document No. 25, Restricted Transcript of hearing held on June 16, 2016.

2. According to the terms of the settlement, defendants agreed to pay a certain sum of money in exchange for an executed release and an order of dismissal with prejudice. The only conditions of the settlement were that plaintiffs would be responsible for any known and legitimate medical liens. At the time of the settlement, defendants were aware of two purported liens held by Shelby County Healthcare Corporation d/b/a the Regional Medical Center at Memphis, but the defendants did not

know whether or not they were properly perfected. The liens were in the amounts of $153,822.77 (date of service of 3/21/13) and $1,622.80 (date of service of 4/9/13).

3. Plaintiffs' counsel, Joe Smith, agreed to provide the defendants with either (1) lien releases or (2) a letter identifying the amounts that the liens have been reduced to by agreement. Once that information was received, plaintiffs' counsel agreed that defendants would issue a check to him and his clients.

4. On July 18, 2016, counsel for defendants received a letter from plaintiffs' counsel with settlement drafting instructions advising that "we had only one perfected lien" and "[t]here are no remaining issues." *See Letter of Joe Smith dated July 18, 2015 [sic]*, which is attached hereto as **Exhibit A**. He also stated that "[w]e will settle up with the unprotected expenses." *Id.* In addition, he stated that "[t]here was an attempt to perfect other lien. But those liens remain unperfected in comparison to the Tennessee statute and are not currently filed or valid." *Id.* Finally, he requested that a check be issued for $1,667.80 for the lien. *Id.*

5. After receipt of the July 18, 2015 [sic] letter, checks were sent to plaintiffs' counsel per his settlement drafting instructions. A proposed release was also sent to plaintiffs' counsel for execution by his client. *See proposed release* attached as **Exhibit B**. However, on October 6, 2016, Laura Traback, an adjustor with defendants' insurer, received a letter from Cassie Henson of Avectus Health Solutions regarding the purported lien in the amount of $153,822.77. *See Letter of Cassie Henson dated October 6, 2016*, which is attached hereto as **Exhibit C**. She advised in her letter that "[t]o date, Regional One Health has not received payment to satisfy the lien. Therefore, it appears that the lien has been impaired." *Id.*

6. On October 11, 2016, counsel for defendants sent an email to plaintiffs' counsel, stating the following:

> Joe,
>
> Please see the attached fax from Avectus re purported liens. I am also attaching your letter re drafting instruction and the resolution of unperfected liens. As you can see, there is a dispute re the perfected liens. If you would, please advise re the position of Avectus and the information you utilized in concluding that the liens were not perfected. As you can see, they have provided what they purport to be file marked copies of the lien. I will be responding to their fax, but wanted to have the benefit of all the facts before I respond or seek court intervention regarding the terms of our settlement. Also, please advise re the status of an executed release we previously forwarded.

*See Email of Michael Vanderford dated October 11, 2016*, which is attached hereto as **Exhibit D**. As of the date of the filing of this motion, defendants' counsel has received no response from plaintiffs' counsel, nor has he received an executed release.

7. In view of the above, defendants request that the Court enforce the settlement agreement entered into by the parties to this matter as stated on the record in the transcript of June 16, 2016, and further order plaintiff to execute the release attached to this motion as **Exhibit B**.

WHEREFORE, defendants, Pavel Kruts and Transporting Cars Champion, Inc., pray that their motion to enforce settlement agreement be granted, for their attorney's fees and costs incurred in filing this motion, and for all other relief to which they may be entitled.

/s/ Tony A. DiCarlo
Tony A. DiCarlo, III
Bar No. 2006046
Michael P. Vanderford
Bar No. 93086
Attorneys for Defendants
Anderson, Murphy & Hopkins, L.L.P.
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201
Telephone:   (501) 372-1887
Facsimile:   (501) 372-7706
Email:        dicarlo@amhfirm.com
              vanderford@amhfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification to the following:

Mr. Joe Smith
Smith Law Firm
3102 Maple Avenue, Suite 400
Dallas, Texas  75201

/s/ Tony A. DiCarlo, III